**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:17-cv-283-FDW**

| | | |
|---|---|---|
| JAMES A. MINYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Letter, (Doc. Nos. 29), in which he seeks the entry of default judgment against Defendants.

Waiver of Service for Defendants David Mitchell, Erik A. Hooks, and Carlos Hernandez was returned executed on June 24, 2018. (Doc. No. 28). The North Carolina Department of Public Safety was unable to obtain service waiver for Defendant W. David Guice and has provided his last known address under seal. (Doc. No. 30). No Answer is yet due, Defendants are not in default, and Plaintiff's motion will be denied.

The Clerk of Court is directed to notify the United States Marshal that Defendant Guice needs to be served with the summons and Amended Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Guice cannot be served at the address provided by the NC DPS, the U.S. Marshal shall be responsible for locating his home address so that he may be served.  See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must

so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915…."). If the U.S. Marshal is unable to obtain personal service on Defendant Guice, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.  The U.S. Marshal shall not disclose Defendant's home addresses to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Letter is construed as a Motion for Default Judgment, (Doc. Nos. 29), and is **DENIED**.

(2) The U.S. Marshal shall use all reasonable efforts to locate and obtain personal service on Defendant Guice at Defendant's home address.  If the U.S. Marshal is unable to obtain personal service on Defendant Guice, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(3) The Clerk is respectfully instructed to mail a copy of the Amended Complaint, (Doc. No. 18), the Sealed Notice containing Defendant Guice's last known home address, (Doc. No. 30), and this Order to the U.S. Marshal.

Signed: July 16, 2018

Frank D. Whitney
Chief United States District Judge