UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-283-FDW

| | | |
|---|---|---|
| JAMES A. MINYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Compel Discovery, (Doc. No. 48), Defendants' Motions for Extension of the Dispositive Motion Deadline, (Doc. Nos. 50, 53), and Plaintiff's "Motion for a Ni-Hil-di-cit Judgment and Summary Judgment," (Doc. No. 52).

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways: (1) the matter sought must be "relevant to any party's claim or defense," and (2) discovery must also be "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, __ F.3d __, 2019 WL 1562312 at*4 (4th Cir. April 11, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance on its own is not a high bar; the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." Id. Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Id.

Plaintiff alleges that Defendants have failed to produce documents that satisfy his

1

discovery requests, that an attempt to resolve the dispute informally has failed, that Defendants' objections to the discovery requests have been waived by Defendants' failure to timely assert them, and that Defendants' objections are meritless. In his "Motion for a Ni-Hil-di-cit…" Plaintiff appears to ask the Court to grant the Motion to Compel because Defendants have failed to respond to the Motion.[1]

Plaintiff's Motion to Compel does not contain a certificate of service. See Fed. R. Civ. P. 5(a)(1)(D) (requiring written motions, except one that may be heard *ex parte*, to be served on every party). In a Letter attached to the "Motion for a Ni-Hil-di-cit," Plaintiff appears to suggest that he has been relying on the Court to serve Defendants with his Motions. See (Doc. No. 52-1 at 1) (asking the Court to send Defendants a copy of the "Ni-Hi-di-cit" Motion and his Response in opposition to Defendants' February 24, 2019 Motion for Extension of Time). Accordingly, the "Motion for a Ni-Hil-di-cit," will be denied and Defendants will be ordered to file a Response to Plaintiff's Motion to Compel within **14 days** of this Order.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See

---

[1] To the extent that Plaintiff is asking the Court to enter judgment in his favor on the merits of the case as a whole, this request is denied because the Motion does not comply with the Federal Rules of Civil Procedure and fails to demonstrate that Plaintiff is entitled to judgment as a matter of law. See generally Fed. R. Civ. P. 56.

Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

Defendants have filed two Motions seeking to extend the dispositive motion deadline, arguing that an extension of time is needed due to Superintendent Hernandez's leave from work and counsel's heavy workload. Plaintiff objects, arguing that counsel has shown disrespect for the Court and bad faith by failing to respond to Plaintiff's motions and letters. See (Doc. No. 51). The first Motion for Extension of Time will be dismissed as moot and the second Motion for Extension of Time will be granted, for good cause shown, until May 28, 2019. No further extensions will be granted except on a showing of extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that

1. Defendants' first Motion for Extension of the Dispositive Motion Deadline, (Doc. No. 50), is **DENIED** as moot.

2. Defendants' second Motion for Extension of the Dispositive Motion Deadline, (Doc. No. 53), is **GRANTED** until May 28, 2019.

3. Plaintiff's "Motion for a Ni-Hil-di-cit Judgment and Summary Judgment," (Doc. No. 52), is **DENIED**.

4. Defendants shall file a Response within **14 days** of this Order showing cause why Plaintiff's Motion to Compel, (Doc. No. 48), should not be granted.

Signed: April 24, 2019

Frank D. Whitney
Chief United States District Judge