# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-283-FDW

| | |
|---|---|
| JAMES A. MINYARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Compel, (Doc. No. 48), Motion for *In Camera* Viewing, (Doc. No. 59), Motion for Court to Issue Order on Motion to Compel, (Doc. No. 64), and Motion for Extension of Time to Respond to Motion for Summary Judgment, (Doc. No. 65).

## I. BACKGROUND

The Amended Complaint passed initial review on claims that Defendants Hooks, Guice, Mitchell and Hernandez violated Plaintiff's rights with regards to the handling of his mail at Avery-Mitchell Correctional Institution. (Doc. Nos. 18, 20). Defendants filed an Answer and the Court entered a Pretrial Scheduling Order setting the discovery cutoff date as January 28, 2019 and the dispositive motion due date as February 27, 2019. (Doc. Nos. 41, 42).

Plaintiff filed the instant Motion to Compel on December 20, 2018, (Doc. No. 48), arguing that he served Requests for Production on counsel for Defendants on October 30 and November 8, 2018, to which Defendants failed to respond within 30 days. Plaintiff wrote defense counsel a letter on December 10, 2018 pointing out that the responses were late and requesting immediate

1

responses. Defendants' counsel did not respond to the letter but filed objections. Plaintiff wrote to counsel on October 30, 2018 in an attempt to resolve the dispute as required by the local rules. Defendants' objections are waived as a result of their failure to timely assert them. The belated objections that the discovery is irrelevant, burdensome, and privileged are meritless.

Plaintiff attached to his Motion to Compel a 10/30/18 "Motion for Discovery" dated October 30, 2018, that he avers he mailed to defense counsel a second time on November 8, 2018, in which he requested the following discovery *verbatim*:

> (1) Full list of all inmates who has placed grievances or complaints against the staff at Avery-Mitchell prison unit for the past five years for the same issues the Plaintiff had to file before the honorable courts and Judge. Opening of legal mail, taking items out of mail, newspapers, magazines, books without filling out filing out a censorship forms as required by policy.
>
> (2) Statements of affidavits of truth from all staff who work second shift (A and B rotation) in Yancy Unit at Avery-Mitchell Correctional unit stating who told them (staff) to take items from newspapers, books, magazines, legal mail (open) without censorship form being filled out stating why.

(Doc. No. 48-1).

Plaintiff also attached a Letter to defense counsel dated October 30, 2018, attempting to negotiate settlement of the case with defense counsel. (Doc. No. 48-3).

In a second letter dated December 10, 2018 from Plaintiff to defense counsel, Plaintiff reminds counsel about his discovery requests of October 30 and November 8, states in part "I am sending a letter of Reminder in regards to my motions of Discovery sent on 10-30-18, 11-8-18. Requests for Admissions sent with Plaintiff's Interrogatories and Request for production of documents." (Doc. No. 48-2). Plaintiff refers to his discovery request and his October 30 settlement letter and asks defense counsel to respond within 10 days.

On April 24, 2019, the Court ordered Defendants to file a Response showing cause why

2

Plaintiff's Motion to Compel should not be granted. (Doc. No. 54). In Defendants' Response in opposition to the Motion to Compel, (Doc. No. 57), Defendants state that Plaintiff was served on May 8, 2019 with documents responsive to Plaintiff's discovery requests 1 and 2 including grievances submitted by inmates confined at Avery Mitchell C.I. from January 1, 2015 to December 31, 2018, shift narratives for the relevant time frame, and Avery Mitchell SOP related to the mailroom and publications received by inmates.

Plaintiff filed a Reply, (Doc. No. 58), stating that Plaintiff received three years' worth (approximately 2500 pages) of the Second-shift security roster for staff at Avery Mitchell Yancy Unit that was never requested by Plaintiff, around 400 grievances filled out by inmates all over the state, fewer than 10 of which address grievances over legal mail and/or newspapers, and nothing else was received in response to the October 30 discovery request. Plaintiff argues that he sent interrogatories and requests for production of documents in good faith, that he requested admissions and Plaintiffs failed to respond, and that Defendants have waived objections by failure to timely respond. Plaintiff asks the court for *in camera* review to see if any of the documents requested are sensitive or privileged. Plaintiff reiterated this request in a Motion for *In Camera* Viewing, (Doc. No. 59). Plaintiff has now filed a Motion asking the Court to rule on his Motion to Compel. (Doc. No. 64).

Plaintiff has also filed a Motion for Extension of Time in which he requests a 30-day extension to respond to Defendants' Motion for Summary Judgment. (Doc. No. 65).

**II.     DISCUSSION**

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two

fundamental ways: (1) the matter sought must be "relevant to any party's claim or defense," and (2) discovery must also be "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, __ F.3d __, 2019 WL 1562312 at*4 (4th Cir. April 11, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance on its own is not a high bar; the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." Id. Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Id.

Plaintiff's "Motion for Discovery" contains two extremely broad requests with which Defendants ultimately complied. Defendants' provision of grievance records, staffing records, and Avery Mictchell's SOP was responsive to Plaintiff's requests. To the extent that Plaintiff complains that the production was too large, he is reminded that neither defense counsel nor the Court is obligated to act as his paralegal. Plaintiff made broad discovery requests and he has received the information he requested, albeit not apparently in the format he would have preferred. Moreover, to the extent that Plaintiff alleges that he submitted requests for interrogatories to defense counsel, he has provided no such requests with his Motion to Compel. It is apparent from the record presently before the Court that Defendants fulfilled their discovery obligation and Plaintiff's Motion to Compel will be denied.

Plaintiff's requests for *in camera* review will also be denied. Plaintiff has failed to identify any relevant documents that are outstanding from his Motion for Discovery that have been withheld due to an assertion of privilege. Defendants' discovery response states that Plaintiff is being provided the requested documents for the relevant time frames notwithstanding Defendants' objections. Plaintiff's Motion seeking *in camera* review of privileged documents will therefore be denied as moot.

Plaintiff's request for ruling on his Motion to Compel will be granted insofar as Plaintiff's

Motion has now been resolved.

Plaintiff's Motion for an Extension of Time to respond to Defendants' Motion for Summary Judgment will be granted until July 17, 2019.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Motion to Compel, (Doc. No. 48), is **DENIED.**

2. Plaintiff's Motion for In Camera Viewing, (Doc. No. 59), is **DENIED.**

3. Plaintiff's Motion for Court to Issue Order on Motion to Compel, (Doc. No. 64), is **GRANTED** insofar as his Motion to Compel has now been resolved.

4. Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment, (Doc. No. 65), is **GRANTED** until July 17, 2019.

Signed: June 17, 2019

_____
Frank D. Whitney
Chief United States District Judge